IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER JOSEPH DAVIS,     :
                       :
        Petitioner,       :
                       :
v.                      :      Civil Action No. 06-421-JJF
                       :
RICHARD KEARNEY, Warden,    :
and CARL C. DANBERG,      :
Attorney General for the   :
State of               :
Delaware,            :
                       :
        Respondents.      :

**O R D E R**

At Wilmington this _13_ day of December, 2006;

IT IS ORDERED that:

Petitioner Christopher Joseph Davis' Motion for Access to Legal Documentation and Caselaw is **DENIED**. (D.I. 19.) Prisoners retain the right of meaningful access to the courts, which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). However, at least one judge in this district has held that "prison officials of necessity must regulate the time, manner, and place in which library facilities are used," as long as an inmate's access is not so "attentuated as to become meaningless."

Hoover v. Watson, 886 F.Supp. 410, 419-20 (D. Del. 1994).
Additionally, the Third Circuit has held that segregated
prisoners who do not have access to an institution's main law
library must have some means by which documents and materials can
be identified and furnished to them in a timely manner. Abdul-
Akbar v. Watson, 4 F.3d 195, 203 (3d Cir. 1993).

Here, Petitioner states that he is currently housed at the
Sussex County Work Release Center, which does not have a law
library on its premises, and he asks the Court to order the
officials at the Sussex County Work Release Center to afford him
weekly access to a law library and daily access to Lexis/Nexis
from a computer located at the Delaware Technical and Community
College. Although Petitioner complains that his access to legal
materials is limited, he does not allege that he has been denied
complete access to a law library or that his limited access is
meaningless. Therefore, the Court concludes that Petitioner's
motion does not warrant action at this time.

_____
UNITED STATES DISTRICT JUDGE