**Other Events**
1:06-cv-00421-JJF Davis v. Kearney et al
HABEAS, PaperDocuments

U.S. District Court

District of Delaware

**Notice of Electronic Filing**

The following transaction was entered on 12/27/2006 at 4:40 PM EST and filed on 12/27/2006
**Case Name:** Davis v. Kearney et al
**Case Number:** 1:06-cv-421
**Filer:**
**Document Number:** 23

**Docket Text:**
Return of Undeliverable Mail sent to Christopher Joseph Davis. Remailed to 23207 DuPont Hwy, Georgetown DE 19947. (dab)

**1:06-cv-421 Notice has been electronically mailed to:**
Elizabeth Roberts McFarlan   elizabeth.mcfarlan@state.de.us

**1:06-cv-421 Notice has been delivered by other means to:**

Christopher Joseph Davis
SBI# 225275
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/27/2006] [FileNumber=321433-0
] [151cca8c2f96725afb6c440e78e9592d4e08c0eab04f4ccce0a60ac31bbb57f7a8c
631ee94e1550ca2855312e00bb648facc170fdadec255840fcdad1c9ce7c2]]

*[handwritten margin note: + Do entry, remail to: 12606 Shell Mill Rd, Bishopville md 21813]*



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER JOSEPH DAVIS,          :
                                   :
        Petitioner,             :
                                   :
v.                                 :  Civil Action No. 06-421-JJF
                                   :
RICHARD KEARNEY, Warden,           :
and CARL C. DANBERG,               :
Attorney General for the           :
State of                           :
Delaware,                          :
                                   :
        Respondents.            :



**O R D E R**

At Wilmington this 13 day of December, 2006;

IT IS ORDERED that:

Petitioner Christopher Joseph Davis' Motion for Access to Legal Documentation and Caselaw is **DENIED**. (D.I. 19.) Prisoners retain the right of meaningful access to the courts, which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). However, at least one judge in this district has held that "prison officials of necessity must regulate the time, manner, and place in which library facilities are used," as long as an inmate's access is not so "attentuated as to become meaningless."

Hoover v. Watson, 886 F.Supp. 410, 419-20 (D. Del. 1994). Additionally, the Third Circuit has held that segregated prisoners who do not have access to an institution's main law library must have some means by which documents and materials can be identified and furnished to them in a timely manner. Abdul-Akbar v. Watson, 4 F.3d 195, 203 (3d Cir. 1993).

Here, Petitioner states that he is currently housed at the Sussex County Work Release Center, which does not have a law library on its premises, and he asks the Court to order the officials at the Sussex County Work Release Center to afford him weekly access to a law library and daily access to Lexis/Nexis from a computer located at the Delaware Technical and Community College. Although Petitioner complains that his access to legal materials is limited, he does not allege that he has been denied complete access to a law library or that his limited access is meaningless. Therefore, the Court concludes that Petitioner's motion does not warrant action at this time.

UNITED STATES DISTRICT JUDGE