IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER J. DAVIS, :
:
        Petitioner, :
:
v. : Civ. Act. No. 06-421-JJF
:
MICHAEL DELOY, Warden, and :
ATTORNEY GENERAL OF THE STATE :
OF DELAWARE, :
:
        Respondents.[1] :

---

Christopher J. Davis.  Pro se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Respondent.

---

**MEMORANDUM OPINION**

October _/_, 2007
Wilmington, Delaware

---

[1] Michael Deloy replaced former warden Richard Kearney, an original party to this case.  See Fed. R. Civ. P. 25(d)(1).

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Christopher J. Davis ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In May 2005, while on probation, Petitioner was arrested and subsequently charged by information with second degree arson, driving under the influence of alcohol or drugs ("DUI"), offensive touching, terroristic threatening, four counts of criminal mischief, disorderly conduct, resisting arrest, and carrying a concealed deadly instrument. (D.I. 21, Appendix to State's Ans. Br. in Davis v. State, No.597,2005, at B-4 to B-6.) On July 7, 2005, the Superior Court conducted a contested violation of probation hearing, and found that Petitioner had violated the terms of his probation. During that same hearing, Petitioner pled guilty to reckless burning (lesser included offense of arson), DUI (fourth offense), offensive touching, and terroristic threatening. All of the remaining charges were dismissed. The Superior Court immediately sentenced Petitioner to a total of six years and seven months of incarceration, suspended after six months and the successful completion of the Key Program for one year of Level IV residential substance abuse

1

treatment, suspended in turn after successful completion of the program for one year at Level III probation. Petitioner was also sentenced to fifty-four days of time served for his violation of probation and the probation was discharged as unimproved. Petitioner did not appeal his guilty plea or sentence. (Id. at B-8 to B-57.)

In September 2005, Petitioner filed a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") asserting ineffective assistance of counsel. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that judgment in June 2006. Davis v. State, 2006 WL 1640348 (Del. June 12, 2006).

Petitioner timely filed the instant Petition in June 2006. (D.I. 2.) The State filed an Answer, asserting that the Petition should be dismissed because the claims do not warrant relief under 28 U.S.C. § 2254(d)(1). (D.I. 16.)

## II.  STANDARD OF REVIEW

A federal court must review a federal habeas claim under the deferential standard contained in 28 U.S.C. § 2254(d) if the state's highest court adjudicated that same claim on the merits. Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the

state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). Additionally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Due to the summary nature of Petitioner's pleadings, the Court looks to Petitioner's post-conviction filings in the Superior Court. As a result, the Court finds that Petitioner asserts the following ineffective assistance of counsel claims: (1) defense counsel failed to communicate with Petitioner and failed to conduct a pre-trial investigation; (2) counsel incorrectly advised Petitioner as to when Petitioner would be able to enter the Key Program, about the length of time

Petitioner would be in the Key Program, and also about the application of time-served to Petitioner's sentence; and (3) counsel violated the attorney-client privilege by communicating the details of Petitioner's case with Petitioner's mother.[2] Petitioner presented these claims to the Delaware Supreme Court in his post-conviction appeal, and the Delaware Supreme Court denied them as meritless. Therefore, the Court must determine if the Delaware Supreme Court's decision is either contrary to, or an unreasonable application of, clearly settled Supreme Court precedent.[3]

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. See Wiggins v. Smith, 539 U.S. 510 (2003). Under the first Strickland prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the

---

[2] The form § 2254 application filed by Petitioner only contains two claims. However, upon review, the Court finds that Petitioner actually asserts three separate claims.

[3] Although the record indicates that Petitioner has been released on the suspended portion of his sentence, the Court still has jurisdiction to review the instant Petition. See United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423 (3d Cir. 1975).

4

second Strickland prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. at 688. In the context of a guilty plea, a petitioner satisfies Strickland's prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

    Here, the Delaware Supreme Court correctly identified the Strickland/Hill standard and analyzed the instant ineffective assistance of counsel claims within its framework. Therefore, the Court concludes that the Delaware Supreme Court's denial of Claims One, Two, and Three was not contrary to clearly established Federal law. See Williams, 529 U.S. at 406.

    The Court must also determine whether the Delaware Supreme Court's denial of the claims constituted an unreasonable application of the Strickland/Hill standard to the facts of Petitioner's case. The Court will review the claims in seriatim.

**A.   Claim One: Counsel failed to communicate and investigate**

Petitioner was arrested on May 15, 2005, and he complains that counsel did not contact him, despite requests to do so, until July 5, 2005. Petitioner also contends that counsel did not inform him that the proceeding on July 7, 2005 was a contested violation of probation hearing rather than a full-blown jury trial on the May 2005 charges. Moreover, according to Petitioner, counsel's lack of communication indicates that he did not conduct any investigation prior to the July 7, 2005 violation of probation hearing.

The Superior Court reviewed the record, which included defense counsel's Rule 61 affidavit, and denied Petitioner's claim regarding counsel's overall failure to communicate as factually baseless. The Delaware Supreme Court affirmed the Superior Court's decision after reviewing the transcript of the violation of probation hearing and plea colloquy, specifically noting that Petitioner expressed satisfaction with counsel's performance during the plea colloquy and that Petitioner had failed to rebut the veracity of those statements with clear and convincing evidence. The Delaware Supreme Court also explained that Petitioner gained a clear benefit from pleading guilty, thereby indicating that Petitioner had not demonstrated prejudice under Strickland or Hill because it was unlikely that Petitioner would have decided to proceed to trial but for counsel's alleged

failure. See Davis, 2006 WL 16540348, at *1.

After independently reviewing the record, the Court concludes that the Delaware Supreme Court's analysis of Claim One constituted a reasonable application of the Strickland/Hill standard. First, it is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Here, as in his state collateral proceedings, Petitioner has failed to rebut the veracity of the statements expressing his satisfaction with counsel's performance he made under oath during his plea colloquy. Additionally, at no point during the plea colloquy did Petitioner state that counsel had failed to communicate with him or that he believed the proceeding that day was supposed to be a jury trial rather than a violation of probation hearing and guilty plea hearing.

Moreover, counsel's Rule 61 affidavit explains that counsel was on vacation when Petitioner's case was assigned to him on May 11, 2005 and also for the initial arraignment date of June 7, 2005. (D.I. 21, Appendix to State's Ans. Br. in Davis v. State, No.597,2005, at B-62 and B-83.) The proceeding was re-scheduled for June 21, 2005 but, because counsel was due to appear in another court on June 21, 2005, the Fast Track Court date was again re-scheduled to July 5, 2005. Counsel and Petitioner met

on July 5, 2005 to discuss a proposed plea agreement, but instead, Petitioner decided to plead not guilty. A contested violation of probation hearing was set for July 7, 2005, and counsel's affidavit states that he told Petitioner the July 7, 2005 hearing was a violation of probation hearing and not a jury trial. Id.

Other portions of the record also demonstrate that Petitioner knew the proceeding on July 7, 2005 was to be a violation of probation hearing and not a jury trial on the new charges. For example, the entry for July 5, 2005 on the Superior Court docket sheet states that Petitioner pled "not guilty, waived reading, jury trial requested, final case review date 7/7/05 with contested violation hearing." (D.I. 21, Appendix to State's Ans. Br. in Davis v. State, No.597,2005, at B-2, No. 15.) Additionally, a letter from counsel to Petitioner, dated June 6, 2005, specifically refers to Petitioner's proceeding as "Fast Track Drug Court Arraignment and Trial." (D.I. 21, Appendix to State's Ans. Br. in Davis v. State, No.597,2005, dated Jan. 27, 2006, at B-73.) "Fast Track" drug cases involve defendants who are arrested while on Superior Court probation, and the cases are processed differently from other drug cases. A "Fast Track" violation of probation hearing is typically held within fourteen to twenty-one days of arrest to resolve both the violation and the new charge. On the day of the hearing, the defendant can

8

either enter a plea agreement resolving both problems by establishing punishment and a treatment program, or, if no plea agreement is reached, proceed with the violation of probation hearing and have a trial on the new charges scheduled within 90 days of arrest. See Delaware Drug Court Program, "Track I", http://courts.del.gov/Courts/Superior%20Court/?drug_program.htm

Viewing Petitioner's failure to support his conclusory allegations regarding counsel's lack of communication and investigation in conjunction with this record, the Court concludes that the Delaware Supreme Court's denial of the instant claim does not warrant habeas relief. Therefore, the Court will deny Claim One.

### B. Claim Two: Counsel misinformed Petitioner about the Key Program and its effect on Petitioner's sentence

In Claim Two, Petitioner asserts counsel incorrectly informed him that he would be placed in the Key Program "almost immediately." Petitioner also contends that counsel incorrectly advised him that the Key Program was only six months long and that Petitioner would receive credit for the two months he had been in prison, effectively reducing his time in the Key Program to four months.

In his Rule 61 affidavit, counsel states that he told Petitioner the Key Program was at least six to twelve months in length and that Petitioner must comply with the Program's requirements if he wanted to finish the Program earlier. The

Superior Court determined that counsel's explanation was more credible than Petitioner's unsupported allegations, and denied the instant claim regarding counsel's alleged conveyance of misinformation. The Delaware Supreme Court affirmed the Superior Court's decision after reviewing the record, specifically explaining that Petitioner presented no evidence to support his claim that he would have proceeded to trial but for counsel's error regarding the Key Program.

After independently reviewing the record, the Court concludes that the Delaware Supreme Court's denial constitutes a reasonable application of the Strickland/Hill standard. In addition to counsel's explanations contained in the Rule 61 affidavit, the transcript of the plea colloquy reveals that the Superior Court judge informed Petitioner that he could be sentenced on his new charges to seven years and thirty days, and that with Petitioner's violations of probation, he could receive a total sentence of nine years and thirty days of imprisonment. (D.I. 21, Appendix to State's Ans. Br. in Davis v. State, No.597,2005, dated Jan. 27, 2006, at B-40.) The judge also explained that there was a six month mandatory term at Level V for the DUI charge, and that the Key Program would last longer than that six month period. Counsel asked the judge to credit the fifty-four days of time served against that mandatory six month term, but the Superior Court judge decided to apply the

time served against Petitioner's violation of probation sentence and discharged the violations as unimproved. (Id. at B-43.) However, the judge did agree with counsel's request to permit Petitioner to be placed in the Key Program while serving the six month minimum mandatory term. (Id. at B-46.)

This record demonstrates that Petitioner was not prejudiced by any alleged misinformation on counsel's part because the Superior Court judge provided him with the pertinent information regarding the Key Program and its effect on Petitioner's sentence. Additionally, by pleading guilty, Petitioner avoided a possible nine year sentence and instead received a prison sentence that was suspended after six months and completion of the Key Program. Given the substantially reduced sentence Petitioner received by pleading guilty, the Court cannot conclude that Petitioner would have risked receiving nine years of imprisonment by proceeding to trial as opposed pleading guilty and receiving a sentence ranging from six months in length to one year and six months (six month mandatory term plus a possible one year in the Key Program). Accordingly, the Court will deny Claim Two for failing to satisfy § 2254(d)(1).

    C.  **Claim Three: Counsel breached attorney/client privilege**

In his final claim, Petitioner contends that defense counsel discussed privileged legal information with his mother, and that his decision to plead guilty was swayed by his belief that his

mother felt he should accept the plea offer rather than proceed to trial. The Superior Court concluded that this claim did not challenge the plea and did not consider the issue. However, the Delaware Supreme Court denied the claim after reviewing the transcript of the plea colloquy and determining that Petitioner knowingly and voluntarily pled guilty. More specifically, the Delaware Supreme Court concluded that Petitioner had not provided any clear and convincing evidence to rebut the veracity of the statement he made during the plea colloquy that it was his personal decision to plead guilty.

Once again, Petitioner's assertions in this proceeding fail to rebut the presumption that the statement he made under oath during the plea colloquy was true. Petitioner does not contend that would have proceeded to trial but for his mother's preference that he enter a plea agreement. Rather, he contends that his mother's opinion "swayed" his decision, indicating that her opinion was one of several factors he weighed in deciding to plead guilty. Thus, the Court will deny Claim Three because Petitioner has failed to demonstrate the requisite prejudice under Strickland and Hill.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate

Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

**V.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.